**In the Matter of the Application of Thomas K. SCALLEN for Reinstatement to Practice Law in the State of Minnesota.**

**No. C6–76–47366.**

Supreme Court of Minnesota.

Sept. 1, 1983.

### ORDER

The above-entitled matter came on before this court upon a report filed by the Lawyers Professional Responsibility Board which had conducted a full and complete hearing, including the testimony of witnesses and the receipt of exhibits into evidence, which report made the following Findings of Fact and recommendations:

1. That petitioner has been involved in various business enterprises and transactions since his release from incarceration in approximately February, 1975.

2. That the Director of Lawyers Professional Responsibility has conducted a detailed and comprehensive investigation of petitioner's activities and conduct since February, 1975, and has found no misconduct other than that connected with the Canadian criminal offense.

3. That on or about March 10, 1982, after an investigation conducted by the National Parole Board of Canada, the Governor General in Counsel of Canada granted petitioner an unconditional pardon for the criminal offenses which are the subject of petitioner's discipline herein.

4. That petitioner continues to accept full responsibility for the consequences of his actions.

5. That in addition to character testimony favorable to petitioner at his original discipline proceeding from members of high standing in the legal profession, well respected and responsible members of the community familiar with petitioner have come forward during the present proceedings and stated their opinion that petitioner is of good moral character and integrity, and that his reinstatement to practice law would not jeopardize the public.

6. That prior and subsequent to his suspension, petitioner has undertaken efforts to keep himself abreast of various areas of legal practice, through his participation in Continuing Legal Education courses.

7. That petitioner has familiarized himself with the Code of Professional Responsibility, and has recently passed an examination on the subject of professional responsibility which is now a part of the Minnesota Bar Examination.

8. That at the conclusion of the evidence before the Lawyers Professional Responsibility Board, the Director of Lawyers Professional Responsibility does not oppose petitioner's Petition for Reinstatement.

9. That the Panel is of the opinion that it has had a full and complete opportunity to hear and decide this matter and that further hearings by the Court are unnecessary.

10. That petitioner has established by clear and convincing evidence that the public would not be jeopardized by his reinstatement to practice law in the State of Minnesota, and that he is of fit moral character to again practice law in the State of Minnesota.

The Panel hereby recommends:

1. That the Supreme Court of Minnesota reinstate petitioner to the practice of law.

2. That there is no necessity for further hearings in this matter.

Based on the files, records and proceedings herein, and upon the Findings of Fact and recommendations of the Panel which conducted a hearing in this matter,

IT IS HEREBY ORDERED:

Thomas K. Scallen is hereby reinstated to practice law in the State of Minnesota, subject to the rules and regulations of this court regarding such reinstatement.